UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENISE THOMAS,                                    CASE NO.:

     Plaintiff,

v.

HCSG EAST, LLC,
a Foreign Limited Liability Company,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENISE THOMAS, ("Plaintiff" or "Ms. Thomas"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from HCSG INC., ("HCSG" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.    This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2.     At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Washington County, Florida.

3.     Defendant is a Foreign Limited Liability Company that is located and does business in, Washington County, Florida, and is therefore within the jurisdiction of this Court.

4.     Plaintiff worked for Defendant in Washington County, Florida, and therefore the proper venue for this case is the Panama City Division of the Northern District of Florida.

5.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant and/or Defendant's predecessor in interest for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.    Plaintiff worked for Signature HealthCare from June 1, 2021, until May 31, 2021.

8.    On June 1, 2021, Signature HealthCare hired Defendant HCSG to take over its dietary services.

5.    Defendant acquired Plaintiff's predecessor employer's dietary services on or about June 1, 2021, including all dietary staff, equipment, and managers, such as Plaintiff.

6.    Upon HCSG's acquisition of Signature HealthCare's dietary services, on or about June 1, 2021, Plaintiff continued working at the same location/facility, with the same managers, co-employees, equipment, and clients/customers, providing the exact same services, and under the same conditions for Defendant.

7.    Accordingly, Defendant is defined as a "successor in interest" under FMLA's coverage provisions and was legally obligated to provide Plaintiff with FMLA leave.  *See* 29 C.F.R § 825.107.

9.    Ms. Thomas worked for Defendant until her unlawful termination on July 5, 2021.

10.    Unfortunately, Ms. Thomas suffers from kidney failure, which is considered a "serious health condition" under the FMLA. See 42 U.S.C. § 12102.

11.    Despite this, Ms. Thomas worked relatively without issue until required surgery and a few days off work.

12.    Specifically, Ms. Thomas worked well in her position until June 22, 2021, when she underwent a surgical procedure to treat her failing kidneys.

13.    Pursuant to this procedure, Ms. Thomas' physician recommended that she stay out of work for around three days.

14.    The aforementioned constitutes a qualifying event under the FMLA.

15.    In addition to this, Ms. Thomas was scheduled to have a medical appointment on June 28, 2021, for which she received a doctor's note excusing her from work for the appointment, as well as for the three days preceding it.

16.    Ms. Thomas kept her Supervisor, George, appraised of all of her appointments and provided him with all her doctor's notes.

17.    It is clear that Ms. Thomas informed her HCSG supervisor of her ongoing and disabling serious health condition for which she needed medical leave.

18.    Ms. Thomas' disclosure should have prompted HCSG to inform Ms. Thomas of her rights and obligations pursuant to the FMLA.

19.    Failure to provide Ms. Thomas with proper guidance and notice of her FMLA rights was, alone, a clear violation of the FMLA and constituted actionable interference.

20.     Instead of providing Ms. Thomas with clear and concise guidance regarding medical leave, Defendant retaliated against her.

21.     Specifically, on July 5, 2021, HCSG Supervisor, Adel Roche, called Ms. Thomas to let her know that she had been fired, effective immediately.

22.     The next day, while Ms. Thomas gathered her personal items at work, George informed Ms. Thomas that her termination was specifically due to her medically related absences.

23.     Even absent George's admission, the temporal proximity between what should have been FMLA leave, and Ms. Thomas' termination makes the retaliatory nature of this termination sufficiently clear.

24.     It is clear that HCSG retaliated against Ms. Thomas' based on her serious health condition and her utilizing FMLA leave.

25.     Any other "reason" theorized after the fact by HCSG for its termination of Plaintiff's employment is pure pretext.

26.     HCSG's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking what should have been protected FMLA leave.

27.     HCSG's actions were unlawful and constitute actionable violations of the FMLA.

28.     Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

29.     The timing of HCSG's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.*

30.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

31.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

32.     The timing of Plaintiff's disclosure of her serious health condition and her use of what should have been protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

33.     Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of what should have been protected FMLA leave.

34.     As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

35.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

36.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

37.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

38.    At all times relevant hereto, Plaintiff was protected by the FMLA.

8.    At all times relevant hereto, Defendant defined as a "successor in interest" under FMLA's coverage provisions and was legally obligated to provide Plaintiff with FMLA leave.  *See* 29 C.F.R § 825.107.

39.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

40.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same position or an equivalent position after her return from what should have been protected FMLA leave.

41.    As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

43.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

44.    At all times relevant hereto, Plaintiff was protected by the FMLA.

45.    At all times relevant hereto, Defendant defined as a "successor in interest" under FMLA's coverage provisions and was legally obligated to provide Plaintiff with FMLA leave.  *See* 29 C.F.R § 825.107.

46.    At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

47.    At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of what should have been FMLA-protected leave.

48.    Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use of leave pursuant to the FMLA.

49.    As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50.    As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of June 2023.

Respectfully Submitted,

***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*